09-2423-ag
Jusuf v. Holder

BIA
Van Wyke, IJ
A096 263 111

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of June, two thousand ten.

PRESENT:
        JON O. NEWMAN,
        REENA RAGGI,
        PETER W. HALL,
          *Circuit Judges.*

────────────────────────────────────────

KURNIAWAN JUSUF,
        *Petitioner*,

        v.                                        09-2423-ag
                                                  NAC

ERIC H. HOLDER, JR., ATTORNEY GENERAL,
        *Respondent.*

────────────────────────────────────────

FOR PETITIONER:          Justin Conlon, North Haven, Conn.

FOR RESPONDENT:          Tony West, Assistant Attorney General, Linda S. Wernery, Assistant Director, Gregory M. Kelch, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Kurniawan Jusuf, a native and citizen of Indonesia, seeks review of a May 8, 2009, order of the BIA, affirming the April 19, 2007, decision of Immigration Judge ("IJ") William Van Wyke, pretermitting his application for asylum, and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Kurniawan Jusuf*, No. A096 263 111 (B.I.A. May 8, 2009), *aff'g* No. A096 263 111 (Immig. Ct. N.Y. City Apr. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, Jusuf concedes that this Court is without jurisdiction to review the agency's pretermission of

his asylum claim, *see* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D), and concedes that the agency's denial of CAT relief is supported by the record. Accordingly, we only review Jusuf's withholding of removal claim.

I. Past Persecution

The record supports the agency's determination that Jusuf failed to demonstrate that he suffered past persecution. Jusuf argues that the agency failed to consider the cumulative effect of the past harm he suffered. *See Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 290 (2d Cir. 2007); *see also Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005). However, the IJ properly considered his experiences cumulatively, stating in his decision that persecution can constitute harm experienced "all at one time" or "over a long period of time." The IJ concluded that "on balance the harm that [Jusuf] described constitutes fairly serious discrimination over a period of time. But we believe that we should not describe it as persecution as such." The BIA affirmed the IJ's decision and stated that "[t]he incidents related by [Jusuf] do not rise to the level of past persecution." The BIA further explained that Jusuf "was not severely harmed and some of the incidents he relates appear to be related to criminal behavior or harassment and

-3-

discrimination."  Therefore, the record indicates that the agency properly considered Jusuf's experiences in the aggregate.  *See Poradisova,* 420 F.3d at 79-80; *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 340 (2d Cir. 2006) (finding that the harm suffered must be sufficiently severe, rising above "mere harassment").

Furthermore, Jusuf erroneously relies on *Jorge-Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir. 2007)*,* in support of his argument that the agency failed to adequately consider his young age at the time of his mistreatment.  Here, the agency was not considering the issue present in *Jorge-Tzoc* – whether an applicant for asylum who had not directly suffered persecution could still establish eligibility for relief. Rather, the agency was considering the issue of whether Jusuf, who himself suffered harm, established that the harm amounted to persecution, and it reasonably found that he did not.

The BIA also did not err in finding that Jusuf's mistreatment that stemmed from "criminal behavior" did not constitute persecution.  General violence "does not lend support to an asylum claim since a well-founded fear of persecution must be on account of an enumerated ground set forth in the Act, and general crime conditions are not a stated ground."  *Melgar de Torres v. Reno*, 191 F.3d 307, 314

-4-

(2d Cir. 1999). Moreover, contrary to Jusuf's argument, the BIA did not hold that mistreatment can never constitute persecution if it results from mob violence. The BIA cited *Wijono v. Gonzales*, 439 F.3d 868, 872 (8th Cir. 2006) (citing *Madjakpor v. Gonzales*, 406 F.3d 1040, 1044 (8th Cir. 2005)) for the proposition that "low-level intimidation and harassment alone do not rise to the level of persecution . . . nor does harm arising from general condition such as anarchy, civil war, or mob violence . . . " to support its reasonable conclusion that the incidents related by Jusuf do not rise to the level of past persecution.

II.    Well-Founded Fear

Because Jusuf failed to demonstrate that he suffered past persecution, he was not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b). To the extent that Jusuf argues that he has demonstrated a pattern or practice of persecution against ethnic-Chinese Christians in Indonesia, the agency considered Jusuf's evidence and reasonably found that he failed to demonstrate a pattern or practice to qualify for withholding of removal. *See Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007); *see also Santoso v. Holder*, 580 F.3d 110 (2d Cir. 2009). Accordingly, substantial evidence supports the

agency's finding that Jusuf failed to establish his burden for withholding of removal, and the denial of his application was proper.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk